PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DAVID L. AXELROD, State Bar No. 56790,<br>SIERRA LAW OFFICE OF DAVID L. AXELROD,<br>91 No. Washington Street, Suite B,<br>Sonora, CA 95370<br>TELEPHONE NO.: (209) 533-4270   FAX NO. (Optional): (209) 533-8218<br>E-MAIL ADDRESS (Optional): sierralaw@gmail.com<br>ATTORNEY FOR (Name): BRUCE ALAN INGRASSIA | 2009 JUN 29 PM 3:58<br><br>COUNTY OF TUOLUMNE<br><br>CLERK *Donna Benz* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TUOLUMNE COUNTY
STREET ADDRESS: 60 N. Washington Street
MAILING ADDRESS: 41 West Yaney Street
CITY AND ZIP CODE: Sonora, CA 95370
BRANCH NAME:

PLAINTIFF: BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES

DEFENDANT: CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA

☒ DOES 1 TO 30

**CONTRACT**
☒ COMPLAINT   ☐ AMENDED COMPLAINT (Number):
☐ CROSS-COMPLAINT   ☐ AMENDED CROSS-COMPLAINT (Number):

Jurisdiction (check all that apply):
☐ ACTION IS A LIMITED CIVIL CASE
   Amount demanded ☐ does not exceed $10,000
                   ☐ exceeds $10,000 but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER: CV 54831

1. Plaintiff* (name or names): BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES

   alleges causes of action against defendant* (name or names): CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA

2. This pleading, including attachments and exhibits, consists of the following number of pages: 9
3. a. Each plaintiff named above is a competent adult
      ☒ except plaintiff (name): MILLIMAC ENTERPRISES
         (1) ☐ a corporation qualified to do business in California
         (2) ☒ an unincorporated entity (describe): Business firm owned, operated and controlled by BRUCE ALAN INGRASSIA
         (3) ☐ other (specify):

   b. ☐ Plaintiff (name):
      a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name (specify):
      b. ☐ has complied with all licensing requirements as a licensed (specify):
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      ☒ except defendant (name):                          ☒ except defendant (name):
         CHICKEN RANCH BINGO AND CASINO                     CHICKEN RANCH RANCHERIA
         (1) ☒ a business organization, form unknown        (1) ☐ a business organization, form unknown
         (2) ☐ a corporation                                (2) ☐ a corporation
         (3) ☐ an unincorporated entity (describe):         (3) ☐ an unincorporated entity (describe):
         (4) ☐ a public entity (describe):                  (4) ☐ a public entity (describe):
         (5) ☐ other (specify):                             (5) ☒ other (specify):
                                                                A Native American or Indian Tribe or Band

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**COMPLAINT - Contract**

Code of Civil Procedure, § 425.12

**EXHIBIT 3**

PLD-C-001

| SHORT TITLE: BRUCE INGRASSIA v. CHICKEN RANCH BINGO | CASE NUMBER: |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☒ Doe defendants *(specify Doe numbers):* __1 through 15__ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☒ Doe defendants *(specify Doe numbers):* __16 through 30__ are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to    ☐ Civil Code section 1812.10    ☐ Civil Code section 2984.4.

7. This court is the proper court because
   a. ☒ a defendant entered into the contract here.
   b. ☒ a defendant lived here when the contract was entered into.
   c. ☒ a defendant lives here now.
   d. ☒ the contract was to be performed here.
   e. ☒ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☒ other *(specify):* Causes of action for copyright infringement and conversion of intellectual property arose here.

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ☒ Breach of Contract
   ☒ Common Counts
   ☒ Other *(specify):* Copyright Infringement and Conversion of Intellectual Property

9. ☐ Other allegations:

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☒ damages of: $ 150,000.00
    b. ☒ interest on the damages
       (1) ☒ according to proof
       (2) ☐ at the rate of *(specify):* ___ percent per year from *(date):*
    c. ☒ attorney's fees
       (1) ☐ of: $
       (2) ☒ according to proof.
    d. ☒ other *(specify):* Full and immediate return and restitution of all copyright-protected designs, devices, emblems, materials, products, licenses, rights, and other intellectual property belonging to the Plaintiffs, BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES.

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: May 20, 2009

DAVID L. AXELROD, Attorney for the Plaintiffs
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

___FIRST___ CAUSE OF ACTION- Common Counts
(number)

ATTACHMENT TO  ☒ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES

alleges that defendant *(name):* CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA

became indebted to  ☒ plaintiff  ☐ other *(name):*

a. ☒ within the last four years
   (1) ☒ on an open book account for money due.
   (2) ☐ because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

b. ☒ within the last  ☐ two years  ☒ four years
   (1) ☒ for money had and received by defendant for the use and benefit of plaintiff.
   (2) ☒ for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff
       ☐ the sum of $
       ☒ the reasonable value.
   (3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
       ☐ the sum of $
       ☐ the reasonable value.
   (4) ☐ for money lent by plaintiff to defendant at defendant's request.
   (5) ☐ for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
   (6) ☒ other *(specify):*
       For the use, marketing and sales of Plaintiff's proprietary, copyright-protected graphic art, logos and designs, and the use, marketing and sales of T-shirts, sweatshirts, hats, caps, patches, and other emblematic items bearing Plaintiff's proprietary, copyright-protected graphic art, logos and designs.

CC-2. $ _____, which is the reasonable value, is due and unpaid despite plaintiff's demand,
plus prejudgment interest  ☐ according to proof  ☒ at the rate of __ten (10 %)__ percent per year
from *(date):* the date of sale of each item bearing Plaintiff's proprietary graphic art, logos or designs.

CC-3. ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
      ☐ of $
      ☐ according to proof.

CC-4. ☐ Other:

Page __3__

Page 1 of 1
Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]

CAUSE OF ACTION-Common Counts

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Martin Dean's
ESSENTIAL FORMS

BRUCE INGRASSIA v. CHICKEN RANCH BINGO

| INGRASSIA v. CHICKEN RANCH BINGO, etc., et al. | Case No. |
|---|---|

# – SECOND CAUSE OF ACTION –
## COPYRIGHT INFRINGEMENT

Plaintiffs allege as follows:

1. All foregoing and other paragraphs of the Complaint, including all paragraphs of each attached cause of action, are incorporated by this reference herein as though fully set forth.

2. During and at all times relevant hereto, Defendant CHICKEN RANCH BINGO AND CASINO was and is a business entity or association, the form of which is unknown at this time, that conducted business activities open to the general public, including but not limited to gaming and retail sales of clothing and other paraphernalia, primarily based at its commercial premises at or near Chicken Ranch Road in Tuolumne County, in or near Jamestown, California 95327.

3. During and at all times relevant hereto, Defendant CHICKEN RANCH RANCHERIA was and is a federally-registered Indian Tribe that owned, operated, controlled, supervised, maintained, and managed a business entity, the form of which is unknown at this time, through which entity said Defendant conducted business activities open to the general public, including but not limited to gaming and retail sales of clothing and other paraphernalia, primarily based at the commercial facility commonly known as CHICKEN RANCH BINGO AND CASINO, at or near Chicken Ranch Road in

4

DAVID L. AXELROD, Attorney at Law
91 No. Washington Street, Suite B
Sonora, CA 95370
(209) 533-4270

Tuolumne County, in or near Jamestown, California 95327.

4. During and at all times relevant hereto, Plaintiff BRUCE ALAN INGRASSIA was and is a self-employed merchant and manufacturer, doing business as and through his wholly-owned business entity, Plaintiff MILLIMAC ENTERPRISES, a sole proprietorship, by and through which the Plaintiffs engaged in lawful business enterprises, including but not limited to the design, production, marketing and licensing of creative graphic art, emblems, logos, and items bearing such graphic art and insignia, including T-shirts, sweatshirts, caps, patches, signs, and other paraphernalia

5. Pursuant to a "Work for Hire Agreement" dated April 30, 1986, graphic artist ROB D'SPAIN created a number of original art works for the Plaintiffs, BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES, the ownership of which intellectual property was duly transferred and conveyed to the Plaintiffs, and copyrights for which were duly noticed, asserted and registered for, in favor and on behalf of the Plaintiffs.

6. Among the original graphic design art works commissioned by the Plaintiffs, BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES, in accordance with the "Work for Hire Agreement" dated April 30, 1986, was a drawing or cartoon device informally entitled and referred to as "MiWuk Indian Riding a Chicken," copyrighted by the Plaintiffs under the name "MILLIMAC ENTERPRISES 1986."

7. On one or more occasions during the late 1980s and early 1990s, by agreement between the Plaintiffs, BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES, and the Defendants, CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA, and each of them, Plaintiffs designed, manufactured and produced custom

DAVID L. AXELROD, Attorney at Law
91 No. Washington Street, Suite B
Sonora, CA 95370
(209) 532-4270

T-shirts and other items bearing the Plaintiffs' copyrighted "MiWuk Indian Riding a Chicken" emblem, and sold said products to the Defendants for resale to the general public at, by and through CHICKEN RANCH BINGO AND CASINO, on Chicken Ranch Road, in or near Jamestown, Tuolumne County, California.

8. During all transactions, dealings and communications with Defendants CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA, Plaintiffs BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES expressly reserved their intellectual property rights with respect to the Plaintiffs' original art work referred to as "MiWuk Indian Riding a Chicken" asserted Plaintiffs' ongoing copyright protection by means of the copyright symbol [©], generally indicated and inscribed on all T-shirts and other pertinent items as "© 1986 Millimac."

9. During the intervening period following the Plaintiffs' last sale of merchandise to the Defendants and continuing through and including the year 2008, on one or more occasions, the Defendants, CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA, and each of them, infringed the copyright held by the Plaintiffs, BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES, by and through the Defendants' duplication and reproduction of the Plaintiffs' "MiWuk Indian Riding a Chicken" on T-shirts, sweatshirts, caps, and other souvenir items, without license, permission or authorization from the Plaintiffs.

10. The emblem duplicated and reproduced by or on behalf of the Defendants, CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA, was virtually identical to the Plaintiffs' original "MiWuk Indian Riding a Chicken" art

DAVID L. AXELROD, Attorney at Law
91 No. Washington Street, Suite B
Sonora, CA 95370
(209) 533-4370

work, except that the inscription "© 1986 Millimac" had been removed and deleted, thus indicating intent and knowledge of wrong-doing on the part of the Defendants, and each of them, inasmuch as they willfully, knowingly and intentionally infringed Plaintiffs' copyright and converted Plaintiffs' intellectual property, without due compensation.

11. The nature and extent of Defendants' copyright infringement was not initially discovered by Plaintiffs BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES, until Plaintiffs became aware of the Defendants' unauthorized and uncompensated use of the Plaintiffs' original "MiWuk Indian Riding a Chicken" art work during or about 2007.

12. During or about 2007, Plaintiffs BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES first demanded that Defendants cease and desist their unauthorized and uncompensated use of the Plaintiffs' original "MiWuk Indian Riding a Chicken" and further demanded fair and reasonable monetary compensation therefor.

13. In a letter dated August 1, 2007, and signed by "C. RAYMOND, Controller," Defendant CHICKEN RANCH BINGO AND CASINO acknowledged the demand and claim of Plaintiff BRUCE ALAN INGRASSIA with regard to copyright infringement.

14. In a letter dated October 11, 2007, and signed by "LESTER J. MARSTON, Tribal Attorney," the Defendants, claiming "sovereign immunity," denied legal liability for copyright infringement, while offering only a nominal amount of compensation.

15. In a letter to Defendants' attorney dated November 21, 2007, and signed by Plaintiffs' attorney, DAVID L. AXELROD, the Plaintiffs contended that the notion of "sovereign immunity" does not apply to commercial activities involving non-tribal actors, and once again asserted Plaintiffs' demands that the Defendants cease and

7

DAVID L. AXELROD, Attorney at Law
91 No. Washington Street, Suite B
Sonora, CA 95370
(209) 533-4270

desist from copyright infringement and make just and reasonable compensation for all unauthorized usage of Plaintiffs' copyright-protected intellectual property.

16. In a letter dated December 5, 2007, and signed by "LESTER J. MARSTON, Tribal Attorney," the Defendants expressly rejected the Plaintiffs' demands and generally repeated the positions set forth in Mr. MARSTON's letter of October 11, 2007, in effect asserting a legal or constitutional right to infringe Plaintiffs' copyright.

17. The Defendants, CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA, enjoyed no right, permission, authorization, or license to use the Plaintiffs' original "MiWuk Indian Riding a Chicken" art work on any T-shirt, sweatshirt, cap, or other souvenir item or paraphernalia, other than those specific items actually designed, manufactured and produced by the Plaintiffs, BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES, and, purchased wholesale by Defendants from Plaintiffs.

18. Unauthorized use of the Plaintiffs' original "MiWuk Indian Riding a Chicken" art work by the Defendants was not a "fair use" of the art work, as defined under the federal Copyright Act, 17. USC §107, et seq., but was an unlawful and uncompensated commercial use thereof that infringed the Plaintiffs' copyright.

19. Sovereign immunity generally does not shield Indian tribes, tribal entities, or tribe members from the compliance with federal, state and local laws with regard to trade and other affairs in dealing with non-tribal persons or with matters extending outside the immediate confines of the Indian reservation.

20. With regard to these commercial matters, the Defendants, CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA, enjoy no immunity from

DAVID L. AXELROD, Attorney at Law
91 No. Washington Street, Suite B
Sonora, CA 95370

the Copyright Act, 17 USC 101, et seq., or other pertinent provisions of applicable law.

21. As a result of the acts and omissions of the Defendants, CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA, as set forth above, including but not limited to copyright infringement, the Plaintiffs, BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES, have been damaged by the loss of intellectual property and the loss of income to which Plaintiffs were lawfully entitled.

22. The Plaintiffs are also entitled to an award of statutory penalties, up to $100,000, pursuant to the federal Copyright Act, 17 USC §101, et seq., as an appropriate remedy for the Defendants' willful infringement of Plaintiffs' copyright.

23. The Plaintiffs have incurred necessary legal costs and reasonable attorney fees that should be awarded to Plaintiffs and assessed against the Defendants, and each of them, pursuant to the federal Copyright Act, 17 USC §504, et seq.,

23. The Plaintiffs, BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES, are also entitled to reimbursement and restitution of the reasonable value of profits, advertising benefits, and other unjust enrichment received by and on behalf of the Defendants, CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA.

WHEREFORE, PLAINTIFFS PRAY AS FOLLOWS:

1. For damages and loss of income, according to proof;
2. For a statutory penalty in the amount of $100,00;
3. For pre-judgment interest and costs, according to proof;
4. For attorney fees, at the discretion of the Court; and
5. For such further relief as the Court may deem just, reasonable and proper.

9

DAVID L. AXELROD, Attorney at Law
91 No. Washington Street, Suite B
Sonora, CA 95370

the Copyright Act, 17 USC 101, et seq., or other pertinent provisions of applicable law.

21. As a result of the acts and omissions of the Defendants, CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA, as set forth above, including but not limited to copyright infringement, the Plaintiffs, BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES, have been damaged by the loss of intellectual property and the loss of income to which Plaintiffs were lawfully entitled.

22. The Plaintiffs are also entitled to an award of statutory penalties, up to $100,000, pursuant to the federal Copyright Act, 17 USC §101, et seq., as an appropriate remedy for the Defendants' willful infringement of Plaintiffs' copyright.

23. The Plaintiffs have incurred necessary legal costs and reasonable attorney fees that should be awarded to Plaintiffs and assessed against the Defendants, and each of them, pursuant to the federal Copyright Act, 17 USC §504, et seq.,

23. The Plaintiffs, BRUCE ALAN INGRASSIA and MILLIMAC ENTERPRISES, are also entitled to reimbursement and restitution of the reasonable value of profits, advertising benefits, and other unjust enrichment received by and on behalf of the Defendants, CHICKEN RANCH BINGO AND CASINO and CHICKEN RANCH RANCHERIA.

WHEREFORE, PLAINTIFFS PRAY AS FOLLOWS:

1. For damages and loss of income, according to proof;
2. For a statutory penalty in the amount of $100,00;
3. For pre-judgment interest and costs, according to proof;
4. For attorney fees, at the discretion of the Court; and
5. For such further relief as the Court may deem just, reasonable and proper.

DAVID L. AXELROD, Attorney at Law
91 No. Washington Street, Suite B
Sonora, CA 95370